**Slip Op. 02-116**

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

NIPPON STEEL CORPORATION, :
NKK CORPORATION, :
KAWASAKI STEEL CORPORATION :
and :
TOYO KOHAN CO., LTD., :
:
Plaintiffs, :
:
v. : Court No. 00-09-00479
:
UNITED STATES, :
:
Defendant, :
:
WEIRTON STEEL CORPORATION, :
:
Defendant-Intervenor. :
_____:

[Motion to amend judgment denied.]

Dated: September 26, 2002

Willkie Farr & Gallagher (James P. Durling, Daniel L. Porter, and Robert E. DeFrancesco) for plaintiffs.

Lyn M. Schlitt, Office of General Counsel, James M. Lyons, Deputy General Counsel, U.S. International Trade Commission (Laurent M. deWinter), for defendant.

Schagrin Associates (Roger B. Schagrin), for defendant-intervenor.

**<u>OPINION</u>**

**RESTANI, Judge:**

This matter is before the court on defendant-intervenor's motion for reconsideration of the court's opinion entered herein, Nippon Steel Corp. v. United States, No. 00-09-00479, Slip

Op. 02-86 (Ct. Int'l Trade Aug. 9, 2002), which the court finds to be a motion pursuant to USCIT R. 59(e) to amend the final judgment entered herein.

Defendant-intervenor Weirton Steel Corporation does not by its motion challenge the court's determination that the affirmative material injury decision of the International Trade Commission ("ITC") was erroneous, but rather it asserts that the court should have remanded this matter to the ITC for a determination of threat of material injury by reason of imports of tin-milled steel sheet from Japan. The ITC does not join in this motion.

As Weirton acknowledges, the court did not overlook this possibility. It specifically found that threat of material injury was not raised as an alternative basis for an affirmative injury finding and declined to remand for such an investigation. Nippon at 44 n.32.

This is also not a case of simple failure to allege alternative viable claims on appeal. This was not a viable threat case. There seems to be no dispute as to the injured state of the domestic industry. The issue was causation of that injury by reason of Japanese imports. A threat case involves a very different mode of analysis and in its post-hearing brief before the ITC, Weirton did not present a threat case. See Defendant-Intervenor Post-Hearing Br. (July 7, 2000), C.R. Doc. 06-630. Weirton cannot now ask to litigate a cause it did not fully pursue before the agency or this court.

Weirton's motion is denied.

_____
Jane A. Restani
Judge

DATED: New York, New York

This 26th day of September, 2002.